# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DOUGLAS LONGBOTTOM and RAMONA LONGBOTTOM, | : : : : | CIVIL ACTION |
| Plaintiffs, | : : | |
| | : | No. 17-3328 |
| v. | : : | |
| FELTON HAYMAN, | : : : | |
| Defendant. | : : | |

## MEMORANDUM

**ROBERT F. KELLY, Sr. J.**                                                                   **AUGUST 13, 2018**

      Presently before the Court are the Motion for Summary Judgment filed by Plaintiffs, Douglas and Ramona Longbottom ("Plaintiffs"), the Defense Brief in Opposition and the Motion in Opposition to Plaintiff's [sic] Motion for Summary Judgment filed by Defendant, Felton Hayman ("Defendant"), and Defendant's Cross-Motion for Summary Judgment. For the reasons stated below, we will grant Defendant's Cross-Motion for Summary Judgment because Plaintiffs have failed to assert their breach of contract claim, which is the sole claim in this action, within the applicable five-year statute of limitations.

## I.    BACKGROUND

      On July 26, 2017, Plaintiffs filed this breach of contract action against Defendant based upon a written agreement entitled "Agreement of Lease, Purchase and Sale of Real Estate" ("the Agreement"), which was signed by the parties on December 8, 2010. (Compl. ¶ 3.) Plaintiffs argue that Defendant agreed to lease certain real estate located at 2009 North 33rd Street, Philadelphia, PA ("the Property"), for a term of years ending July 1, 2012, and then purchase the

Property as of the lease termination date or sooner expiration at Defendant's option. (Pls.' Mot. for Summ. J. ¶ 1.) Plaintiffs assert that Defendant breached the Agreement by failing to purchase the Property on July 1, 2012 (or thereafter) as required by the Agreement. (Id. ¶ 3.) As a direct result of Defendant's breach, Plaintiffs contend that they have incurred damages totaling $76,799.49, which consists of principal, interest, real estate taxes and property insurance amounting to $73,799.49 and counsel fees of $3,000.00. (Id. ¶ 4.)

Plaintiffs filed their Motion for Summary Judgement on May 15, 2018, and Defendant filed a Brief in Opposition, as well as a Motion in Opposition on June 7, 2018. (Doc. Nos. 18, 19.) Defendant's Motion in Opposition requested that the Court either reconsider its prior decision finding that Defendant's Motion to Dismiss on the Pleadings was moot or follow the dictates of Federal Rule of Civil Procedure 12(d) and convert the Rule 12(c) Motion into a Motion for Summary Judgment and address the merits of his legal claims. (Doc. No. 19.) On June 26, 2018, we denied Defendant's request, but granted him fourteen days to file a cross-motion for summary judgment based on any arguments that he previously raised. (Doc. No. 20.) The June 26, 2017 Order included the following footnote:

> Regarding the statute of limitations, we note that Plaintiffs, Douglas and Ramona Longbottom, state that "[t]he relevant statute of limitations is 42 Pa. C.S. § 5526(2). This action was commenced on March 9, 2017, a period of less than five years from July 1, 201[2]." (Pls.' Mot. for Sum. J. ¶ 7.) Our docket shows that the action was commenced on July 26, 2017. (Doc. No. 1.)

(Id.)

On July 10, 2018, Defendant filed his Cross-Motion for Summary Judgment, which argues, in part, that the statute of limitations has run. (Doc. No. 21.) Plaintiffs have not opposed Defendant's Cross-Motion. See Anchorage Assocs. v. V.I. Bd. of Tax Rev., 922 F.2d 168, 175 (3d Cir. 1990) (holding that an unopposed summary judgment may only be granted when the

2

moving party shows that it is entitled to a judgment as a matter of law).

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 56(a) states that summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The Court asks "whether the evidence presents a sufficient disagreement to require submission to the jury or whether . . . one party must prevail as a matter of law." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 251-52 (1986). The moving party has the initial burden of informing the court of the basis for the motion and identifying those portions of the record that demonstrate the absence of a genuine dispute of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). "A fact is material if it could affect the outcome of the suit after applying the substantive law. Further, a dispute over a material fact must be 'genuine,' i.e., the evidence must be such 'that a reasonable jury could return a verdict in favor of the non-moving party.'" Compton v. Nat'l League of Prof'l Baseball Clubs, 995 F. Supp. 554, 561 n.14 (E.D. Pa. 1998) (quoting Liberty Lobby, 477 U.S. at 255).

Summary judgment must be granted "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex, 477 U.S. at 322. Once the moving party has produced evidence in support of summary judgment, the non-moving party must go beyond the allegations set forth in its pleadings and counter with evidence that presents "specific facts showing that there is a genuine issue for trial." See Big Apple BMW, Inc. v. BMW of N. Am., Inc., 974 F.2d 1358, 1362-63 (3d Cir. 1992). "More than a mere scintilla of evidence in its favor" must be presented by the non-moving party in order to overcome a summary judgment motion. Tziatzios v. United States, 164 F.R.D. 410, 411-12 (E.D. Pa. 1996). If the court

3

determines there are no genuine disputes of material fact, then summary judgment will be granted.  Celotex, 477 U.S. at 322.

**III.    DISCUSSION**

"'Pennsylvania favors strict application of the statutes of limitation.'"[1]  Downey v. First Indem. Ins., 214 F. Supp. 3d 414, 429 (E.D. Pa. 2016) (quoting Wachovia Bank, N.A. v. Ferretti, 935 A.2d 565, 572 (Pa. Super. Ct. 2007)).  "And as a general rule in Pennsylvania, 'the statute of limitations begins to run as soon as the right to institute and maintain a suit arises,' (i.e., upon the occurrence of the alleged breach of duty)."  Id. (quoting Estate of Goldberg v. Nimoityn, No. 14-980, 2014 WL 6908013, at *6 (E.D. Pa. Dec. 9, 2014)).  "However, the 'discovery rule' may serve to toll the limitations period if the injury alleged was not readily ascertainable at the time of the breach."  Id. (quoting Knopick v. Connelly, 639 F.3d 600, 607 (3d Cir. 2011)).  "'Where the discovery rule does apply, [a limitations period] begins to run where the plaintiff knew or in the exercise of reasonable diligence should have known of the injury and its cause.'"  Id. (quoting Knopick, 639 F.3d at 607).  "'[T]he point of time at which the injured party should reasonably be aware that he . . . has suffered an injury is generally an issue of fact to be determined by the jury. . . .  Only where the facts are so clear that reasonable minds cannot differ may the commencement of the limitation period be determined as a matter of law.'"  Id. (quoting Knopick, 639 F.3d at 611).

Defendant argues, and Plaintiffs agree, that the statute of limitations for the breach of contract claim is five years pursuant to 42 Pa. C.S. § 5526(2).  (Pls.' Mot. for Summ. J. ¶ 7;

---

[1] "Federal courts sitting in diversity treat statutes of limitations as substantive, and therefore are bound by the applicable state law."  Downey, 214 F. Supp. 3d at 429.  Here, Pennsylvania supplies the substantive law, which is the undisputed five-year statute of limitations set forth in 42 Pa. C.S. § 5526(2).  See 42 Pa. C.S. § 5526(2) (providing for a five-year period of limitations for an "action for specific performance of a contract for sale of real property or for damages for noncompliance therewith").

4

Def.'s Cross-Mot. for Summ. J. ¶ 3.) Here, the statute of limitations period was triggered on July 1, 2012, when Defendant failed to purchase the Property, as Plaintiffs acknowledge in their Motion for Summary Judgement where they state that "[t]he relevant statute of limitations is 42 Pa. C.S. § 5526(2). This action was commenced on March 9, 2017, a period of less than five years from *July 1, 2012*." (Pls' Mot. for Summ. J. ¶ 7) (emphasis added). Thus, the five-year statute of limitations for their breach of contract claim ran on July 1, 2017, which is well before the date that they filed their Complaint on July 26, 2017. (See Doc. No.1.) Therefore, Plaintiffs' breach of contract claim fails as a matter of law because it is barred by Pennsylvania's five-year statute of limitations.

Plaintiffs state that this action was commenced on March 9, 2017, which is within the statute of limitations; however, the action was actually commenced on July 26, 2017, which is outside of the statute of limitations. Although Plaintiffs are undoubtedly aware of the statute of limitations issue, they have not filed any response addressing the seemingly erroneous March 9, 2017 date that they set forth. Likewise, they have not advanced any argument for tolling the running of the statute of limitations. Since Plaintiffs' breach of contract claim was not filed before the statute of limitations expired, it is untimely. Therefore, we will grant Defendant's Cross-Motion for Summary Judgment. See Cunningham v. M & T Bank Corp., 814 F.3d 156, 164 (3d Cir. 2016), as amended (Feb. 24, 2016) (affirming summary judgment based on untimeliness of claims under statute of limitations).

## IV. CONCLUSION

Plaintiffs brought suit on July 26, 2017, which is more than five years after the alleged breach of contract by Defendant when he did not purchase the Property on July 1, 2012, pursuant to the Agreement. As a consequence, Plaintiffs' breach of contract claim is untimely under the

5

five-year limitations period mandated by 42 Pa. C.S. § 5526(2). We, therefore, will grant Defendant's Cross-Motion for Summary Judgment.[2] Consequently, Plaintiffs' Motion for Summary Judgment is denied. We will also deny Defendant's Motion in Opposition to Plaintiff's [sic] Motion for Summary Judgment as moot.

An appropriate Order follows.

---

[2] Since we are dismissing the breach of contract claim as untimely, we decline to address Defendant's argument that Plaintiffs have failed to meet the $75,000 amount in controversy requirement under 18 U.S.C. § 1332. (See Def.'s Mem. Law Support Cross-Mot. for Summ. J. at 5-10.)

6